## Reed, et al. v. Rose, Judge.

(Decided June 15, 1920.)

### Appeal from Whitley Circuit Court.

Courts—Circuit Courts—Terms of at Two Places in County—Third Class City.—Section 963, of the Kentucky Statutes, providing that: "In any county having therein a city of the third class, the terms of circuit court shall be held partly in such city" has no application unless there is wholly within the county a city of the third class. Where a city of the third class is partly in two counties, the statute has no application no matter how large the city is or what part of it in population or territory is in either of the counties.

HENRY C. GILLIS, TYE & SILER, attorneys for petitioners.

J. B. SNYDER and M. A. GRAY, attorneys for the respondent.

M. A. GRAY, HAZELRIGG & HAZELRIGG, attorneys for the city of Corbin.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL—
Granting writ of prohibition.

In 1910, the legislature enacted a law that may be found in section 963d of the Kentucky Statutes providing in part: "That any county of this Commonwealth having therein, or that may hereafter have therein, a city of the third class, not a county seat, and being more

than ten miles from the county seat,'' the circuit court of such counties should be held alternately so as to divide the time between the county seat and the third class city. The legislature of 1920 put Corbin in cities of the third class and, therefore, if the city of Corbin was wholly within the county of Whitley, the section of the statute would require that the Whitley circuit court should be held in part in the city of Corbin.

After this act of 1920 became effective, the city of Corbin having complied with all of the other requirements of the act of 1910 necessary to enable it to secure terms of court, petitioned in the proper manner the respondent, the Honorable R. S. Rose, judge of the Whitley circuit court, to hold terms of the Whitley circuit court, as required by the statute, in the city of Corbin, and Judge Rose, who was at the time holding a term of court in Williamsburg, the county seat of Whitley county, thereupon entered an order directing that parts of each term of the Whitley circuit court should be held at Corbin.

After this order was made, the plaintiffs, M. D. Reed and S. P. Petrey, respectively jailer and circuit clerk of Whitley county, filed their petition in this court asking that a writ of prohibition issue prohibiting Judge Rose from holding any part of the Whitley circuit court in Corbin. To this petition Judge Rose filed a response setting forth in substance that he conceived it to be his duty, under the law, to hold parts of the terms of the Whitley circuit court in the city of Corbin; and the city of Corbin also filed its petition to be made a party, setting up that under the law and facts, parts of the term of the Whitley circuit court should be held in the city of Corbin, and asking that the petition for a writ of prohibition be dismissed.

When the petition for a writ of prohibition was filed, a temporary restraining order was issued by this court, enjoining Judge Rose from holding any part of the terms of the Whitley circuit court in the city of Corbin until the case could be disposed of on its merits, and this we will now do.

It will be observed that the statute provides that courts shall be held in two places only in counties ''having therein or that may hereafter have therein,'' a city of the third class. It is, therefore, a condition precedent that the county in which it is sought to have terms of court held in two places must have therein a city of the

third class, and so we will confine this opinion to the single question whether Whitley county has therein a city of the third class, namely the city of Corbin.

It is admitted of record that the city of Corbin has a population of ten thousand; that the territorial limits' of the city are partly in the counties of Whitley, Knox and Laurel; that approximately one-third of the territory and population of the city is located in the county of Knox; that only a small part of the territory embraced in the city and a few hundred of its population are in the county of Laurel; that about two-thirds of the population and practically all of the business part of the city, including the public buildings, are in the county of Whitley.

On these facts, we hold that the county of Whitley has not therein a city of the third class and, therefore, Corbin is not entitled to terms of court. It is only when a county has entirely within its borders a city of the third class that such a city will be entitled under the statute to have held there terms of the circuit court.

Wherefore, the writ of prohibition is made permanent, and Judge Rose is permanently enjoined from holding any terms or parts of terms of the Whitley circuit court in the city of Corbin.

Whole court sitting except Judges Sampson and Clarke.